UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Tammy Bunce,

                Plaintiff,

                                    **Hon. Hugh B. Scott**

               v.                                    13CV57A

                                         **Decision & Order**

New York Power Authority et al.,

                Defendants.
_____

Before the Court are the following motions: the defendants' motion to compel the plaintiff to submit to a mental examination (Docket No. 16) and the parties' joint motion to extend the discovery deadlines (Docket No. 20).

**Background**

The plaintiff, Tammy Bunce ("Bunce"), commenced this action against the New York Power Authority and Steven Colan, alleging that the defendants created a hostile work environment in that she was subjected to sexual harassment in violation of Title VII of the Civil Rights Act of 1964 [Count 1]. The plaintiff also alleges claims of retaliation [Count 2], as well as violations of the Family Medical Leave Act [Count 3], New York Civil Service Law §75 [Count 4], Section 1983 of the Civil Rights Act of 1964 [Count 5], and her due process rights [Count 6]. [1]

---

[1] The Complaint also includes a heading entitled "Seventh Cause of Action," however this title is followed only by the letters "FLSA" – apparently a reference to the Fair Labor Standards Act – without any further allegations. (Docket No. 1 at page 21).

1

**Motion to Compel Mental Examination**

The defendants seek to compel Bunce to undergo a mental examination relating to plaintiff's claims of emotional distress. (Docket No. 16). The plaintiff was directed to respond to the motion on or before December 17, 2013. (Docket No. 18). The plaintiff has not filed any response, nor has the plaintiff requested an extension of time to do so.

Rule 35(a) of the Federal Rules of Civil Procedure provides:

> (1) In General. The court where the action is pending may order a party whose mental or physical condition--including blood group--*is in controversy* to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

In the instant case, in the Complaint, Bunce alleges that she advised her employer that she suffered from a "workplace related disability, stress and anxiety disorder caused by her work environment." (Docket No. 1 at ¶80).  The plaintiff's allegations that her injuries include the onset of a specific mental disorder go beyond the "garden variety" claim for "emotional distress" due to harassment. See Jarrar v. Harris, 2008 WL 2946000 (E.D.N.Y.,2008), noting that an examination under Rule 35 is warranted when one or more of the following factors is present:

> The [ ] cases suggest that courts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

Jarrar, 2008 WL 2946000 at *4 citing Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D.Cal.1995).

In light of the above, and inasmuch as the plaintiff has not filed a response to the motion

2

to compel the examination, the motion for a Rule 35 examination of the plaintiff is GRANTED.

**Motion to Modify the Scheduling Order**

The parties have filed a joint motion seeking modification of the scheduling order extending the discovery deadline to June 20, 2014 (Docket No. 20 at ¶ 2). The current discovery deadline is February 21, 2014. (Docket No. 12 at ¶3).  In light of the issues discussed above, the motion is granted. The following dates shall apply:

1. This case has been referred automatically to the Alternative Dispute Resolution (ADR) program.  The parties are encouraged to continue efforts to resolve this case through mediation.  The referral to mediation shall terminate on **November 28, 2014.**  In the event that settlement is not reached, the case will progress toward trial, as scheduled below.

    The referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.

2. All discovery in this case shall conclude on **June 20, 2014**. All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.

3. The plaintiff shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **May 1, 2014**;  the defendant shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **June 5, 2014.**  See Rule 26 of the Local Rules for the Western District of New York as amended.  All expert discovery shall be completed on or before **June 20, 2014.**

4. In the event settlement is not effectuated through mediation, dispositive motions, if any, shall be filed no later than **September 30, 2014**.

5. In the event no dispositive motions are filed, the partes are directed to contact the Chambers of Hon. Richard J. Arcara within 10 days of the dispositive motion deadline to request

a conference to set a trial date.

Counsel's attention is directed to Fed. R. Civ. P. Rule 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

**Conclusion**

The respective motions to compel (Docket Nos. 16 and 20) are granted.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
January 6, 2014